# Old '76 (Finchtown) Distillery Co. v. Wiechelman.
(Decided Dec. 11, 1936.)

534

ROUSE & PRICE for appellant.

ALFRED P. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the dates herein involved John D. Menke was president of a whisky manufacturing corporation known as "The Old '76 Distillery Company," located at Finchtown, Ky. When first incorporated, the company was known as "The Finchtown Distillery Company," and since the dates here involved it again by amendment changed its corporate name to the one it originally bore. While operating as the Old '76 Distillery Company, and while Menke was its nominal president, he in October, 1928, and in February, 1929, procured some of the old blank warehouse distillery receipts that were used by the Old '76 Distillery Company when it was operating a whisky warehouse, but which it had long since ceased to do on the dates mentioned; and he then fraudulently filled the blanks in those certificates so as to read:

"Received on storage and subject to order and risk of the Old '76 Distillery Company five [5] cases Old Jordan Whiskey stored in United States bonded warehouse No. 33, District of Kentucky, to be delivered only on surrender of this certificate properly endorsed, accompanied by proper withdrawal permits and payment of all taxes and charges due thereon together with stor-

age on same from Feb. 13, 1929 at five cents per case per month, loss or damage by fire the elements, leakage, evaporation, theft, or accident at owners risk. Storage payable January 1st and July 1st of each year. Subject to sale without notice for non-payment of storage.

"—Over—

"The Old '76 Distillery Company
Per John D. Menke."

On the back of each certificate was this indorsement:

"The five cases of whiskey called for on this receipt are in concentration storage at distillery Bonded Warehouse, Lexington, Kentucky. Withdrawal application should be made out as follows:

" 'Jos. Wolf Suc. to Jas. E. Pepper & Company [Acct. Old 76 Distillery Company] Lexington, Kentucky. Permit Ky.—P—14.'

"The State & County Tax as well as Special Excise Tax of 30c per case has been paid as of Feb. 13, 1929.

"The Old '76 Distillery Company,
Incorporated.
"Emil Dieckmann, Auditor."

Immediately thereunder this indorsement is written: "The Old '76 Distillery Company, By John D. Menke, Pr."

After being so issued and so indorsed, they were sold to the appellee and plaintiff below, Harry A. Wiechelman, a druggist in the city of Covington, Ky., and for the purchase price thereof he executed his note to Menke individually, which the latter discounted to a bank and plaintiff was later compelled to pay it. Sometime in 1931 he demanded of defendant the delivery of the whisky represented by the fourteen or more certificates that he had so purchased and it declined to make delivery thereof on the ground that the certificates were forged as to it and were fraudulently issued by Menke at a time when it was not in the warehouse business and had ceased issuing such certificates, and that they, with the indorsements, supra, upon them, forewarned plaintiff that they were illegal and invalid to such an extent as to deprive him of the rights of a holder in due course.

Also that the information so furnished to him by the certificates and indorsements thereon was such as to put him on inquiry, which, if prosecuted by him, would have developed the fact of their fraudulent issue by Menke.

Later plaintiff filed this action in the Kenton circuit court against the corporate defendant to recover judgment for the value of the whisky referred to in the bogus receipts or certificates so purchased by him, which he fixed at a much larger sum than the amount he paid therefor. The answer pleaded the facts to which we have referred and also averred and proved that Menke at the time he sold the certificates was himself engaged in the business, under the firm name of John D. Menke & Co., of dealing in whisky warehouse receipts, and which was a totally independent business and entirely separate from that conducted by defendant. Also that Menke operated his individual business in the same office that defendant occupied in conducting its entirely different business. Various demurrers, motions, and counter-pleadings made the issues, and at the close of plaintiff's testimony, after all demurrers to plaintiff's pleadings had been overruled, defendant asked for a peremptory instruction in its favor which was overruled, and to which it excepted. The same motion was again made at the close of all of the testimony with like result. The court then instructed the jury, and it returned a verdict in favor of plaintiff for the amount that he had paid for the certificates with interest. Defendant's motion for a new trial was overruled, and from the verdict and the judgment pronounced thereon it prosecutes this appeal.

Briefs of defendant's counsel discuss many questions deemed by the writer thereof to be material issues and authorizing a reversal of the judgment, chief among which is the error of the court in overruling defendant's motion for a directed verdict in its favor, and, since we have concluded that counsel is correct in making that contention, the other points argued will be put aside as being unnecessary to a disposition of the case. Many cases are also cited and relied on by plaintiff's counsel in support of the judgment, but, when examined, we find them inapplicable because based upon an entirely different state of facts from those contained in the instant record. Such inapplicable cases are made so because

of the undisputed facts that the warehouseman who issued the receipts or certificates involved in them was not only engaged in a business entitling him or it to do so, but the receipts or certificates issued were strictly regular on their face and there was no dispute whatever but that they were issued by the proper officer in the regular course of his duties and with the knowledge and consent of his principal and that the latter obtained the proceeds arising from sale thereof. Such were the facts in the case of Flexner v. Meyer's Ex'x, 191 Ky. 133, 229 S. W. 99, a case upon which plaintiff greatly relies, and which is perhaps the strongest one in its favor to which counsel refers.

Section 4768 et seq. of Baldwin's 1936 Revision of Carroll's Kentucky Statutes deals with and legislates upon the issuing of such certificates or receipts, and section 4770 makes them negotiable and transferable by indorsement "and with like liability as bills of exchange now are." The following section (4771) forbids the issuing of any such certificates or receipts, unless the goods represented thereby "shall have been bona fide received into possession and store by such warehousemen or other person, and shall be in store and under his or their control, care and keeping at the time of issuing such receipt." Other provisions forbid the issuing of duplicate receipts and fix penalties for violating the provisions to which we have referred and deal with other matters not pertinent to the instant inquiry.

Section 3720b-56 of the same (Ky.) Statutes (being a part of our Negotiable Instruments Act) prescribes that: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Plaintiff in this case not only possessed actual knowledge of the infirmity or defects of the receipts or certificates upon which he seeks recovery in this case, i. e., the fact that defendant as purported issuer thereof was not in the possession of the goods for which the certificates were issued; but such fact also furnished sufficient warning to him to require an inquiry upon his part as to the cause of such apparent defect, and, if one had been made, he would

have discovered the fraud attempted and actually perpetrated upon both him and defendant by Menke and that the certificates he had purchased had never been authorized by the corporate defendant, nor had it ever received any part of the consideration therefor. His purchase without making such inquiry concerning the facts furnished to him by the receipt itself rendered him a purchaser in "bad faith," and therefore not an innocent one. Under the provisions of section 3720b-58 of the same statutes all defenses that might be made against the original holder are available against them. Cases sustaining such conclusion are so numerous and unanimous as to render it unnecessary to encumber the opinion therewith and we will not attempt to do so.

However, our conclusion upon the facts as so related is sought to be avoided and overcome by plaintiff's counsel by a reliance on the federal statute with reference to intoxicating liquors, which was then in force, and which was enacted pursuant to the Eighteenth Amendment to the Federal Constitution before it was repealed, and which statute is found in United States Code Annotated, Title (volume) 27, Intoxicating Liquors, beginning on page 3. Such reliance is rested upon a provision found in section 12 of the federal statute saying: "Provided, That nothing in this chapter shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in Government bonded warehouses, and no special tax liability shall attach to the business of purchasing and selling such warehouse receipts." But we are unable to see wherein that provision has any bearing on the question here involved. On the contrary, it is our interpretation of it that the Congress therein recognized no valid warehouse receipts for whisky except when they covered "distilled spirits on deposit in Government bonded warehouses," and at the time of the issuing of the certificates here involved defendant was no such warehouseman, since the whisky within the territory wherein it was located had all been concentrated in the Old Pepper Distillery warehouse at Lexington, Ky., and neither it, nor any one authorized by it, had issued any such certificates for the whisky supposed to be represented by those purchased by plaintiff, which facts he could and would have discovered by making the necessary inquiry that the defects in the certificate, supra, imposed upon him.

But plaintiff's counsel again argue that their client is entitled to recover under the provision contained in the latter part of section 4775 of our statute, supra, saying: ''And every person aggrieved by the violation of any of the provisions of this article shall have and maintain an action against the person or corporation violating any of the provisions of this article to recover all damages, immediate, consequent, legal and extraordinary, which he or they may have sustained by reason of such violation as aforesaid, whether such person may have been convicted or not.'' Clearly, that language applies only when the warehouseman actually issued the certificate, or when it was done at his or its instance and request and with knowledge and consent, but in doing so some provision of the regulatory statute was not complied with. We therefore conclude that it has no application to a case like the instant one where the dealer in or purchaser of the certificates, or receipts, was furnished with facts which either themselves pointed out the defects or furnished sufficient grounds for investigation which, if prosecuted, would have shown that the warehouseman never authorized or participated in the unlawful issuing of them.

We therefore conclude that the court erred in overruling defendant's motion for a directed verdict in its favor, and for which reason the judgment is reversed, with directions to sustain the motion for a new trial and to set aside the judgment and verdict, and for proceedings consistent with this opinion.